# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Ricky Vincent Pendleton,**
**Plaintiff Below, Petitioner**

**FILED**

**October 4, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)   No. 12-0971** (Fayette County 12-C-214)

**David Ballard, Warden, Mt. Olive Correctional Complex,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ricky Vincent Pendleton, appearing *pro se*, appeals the order of the Circuit Court of Fayette County, entered August 9, 2012, dismissing his civil action challenging his conviction on a prison disciplinary violation and his termination from his prison work assignment. Respondent Warden, by counsel Cynthia R.M. Gardner, filed a summary response and a motion to dismiss. Petitioner filed a reply and response to respondent's motion to dismiss.[1]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is an inmate at Mt. Olive Correctional Complex. Petitioner's work assignment was in the main dining room and kitchen. On April 22, 2012, at approximately 2:20 p.m., a female prison employee with the job classification of Food Service Supervisor I ("FSS") filed two separate incident reports charging petitioner with (1) compromising an employee and (2) invasion of privacy in violation of Division of Corrections ("DOC") Policy Directive 325.00. The operative facts of each incident report were the same:

> On Sunday 22 April 2012 I, [FSS] was performing my assigned duties in the Main Dining Room/Kitchen. At approximately 1420 hours I was approached by [petitioner] and stated that he needed to go to the closet and put a broom away. [Petitioner] was refering [sic]

---

[1] The basis of respondent's motion to dismiss is the contention that petitioner's termination from his prison work assignment constitutes a separate issue on which petitioner failed to exhaust his administrative remedies. Because this Court finds that it can dispose of both of petitioner's claims on their merits, the Court declines to address whether petitioner failed to exhaust his administrative remedies with regard to the termination of his work assignment.

to [a] closet where the brooms are stored at. While unlocking the storage room door [petitioner] began to ask me about my tattoo on my ear. [Petitioner] asked questions such as, "what does it say"? [Petitioner] then stated "Christopher" and I replied "maybe". The tattoo on my ear has "chris" in writing on it refering [sic] to my ex-husband. [Petitioner] and myself then entered the storage closet and [petitioner] placed the broom away. [Petitioner] then turned and began to smile at me and asked if I wanted to talk. I replied "talk about what"? [Petitioner] stated "you know what I mean, Talk"! [Petitioner] then began to look at the door and then back at me. At this point I instructed [petitioner] that we needed to leave the storage closet and for him to return to work.

Petitioner was terminated from his work assignment that same day, April 22, 2012, for "[s]ecurity reasons." On April 25, 2012, petitioner received copies of the two incident reports.

Pursuant to Policy Directive 325.00, compromising an employee includes attempting "to aid, abet, incite, or encourage . . . any employee of any entity contracting with . . . [the DOC] . . . to engage in violations of . . . policies and procedures, jeopardize security, engage in poor work performance, or otherwise violate applicable laws or regulations." § 1.25. Invasion of privacy includes seeking to obtain or possess ". . . information identifying a staff member's spouse or former spouse as such." § 1.29.

At a May 1, 2012 disciplinary hearing, the correctional hearing officer dismissed the charge of invasion of privacy, but found petitioner guilty of compromising an employee. In the hearing report, the hearing officer summarized the relevant testimony as follows:

> [FSS] testified her reports were true and correct. Stated she unlocked the door for [petitioner] to put the broom away, stated [petitioner] looked at her and said do you "want to talk"; stated [petitioner] was looking at the door and her; stated she felt like [petitioner] wanted her to do something with him; stated she felt [petitioner] wanted to be in a closed room with her; stated [petitioner] did ask about her ear; stated he never asked for her to close the door; stated [petitioner] was smiling at her when she [sic] asked.
>
> *       *       *
>
> [Petitioner] stated [FSS] was talking to him about her ex-husband; stated [FSS] told him that her husband cheated on her; stated he did say to [FSS] that she must have a lot of free time and because you must want to talk; stated he was smirking and being sarcastic; stated he has been talking with [FSS] about the ex-husband for two weeks; stated [FSS] was talking about her tattoo with [another inmate].

2

The hearing officer concluded that the "Incident Report & Testimony of [FSS], [and] Testimony of [petitioner] that he has been talking about her husband cheating on her for about two week[s] all supports the finding of Guilty." For compromising an employee, the hearing officer sentenced petitioner to sixty days of punitive segregation and sixty days of loss of privileges, from April 22, 2012 to June 21, 2012.

On June 28, 2012, petitioner filed his civil action in circuit court challenging his disciplinary conviction and his termination from his work assignment. Petitioner asked that the disciplinary conviction be expunged from his record and that he be restored to his work assignment. Petitioner also asked for back wages.

The circuit court reviewed petitioner's action pursuant to the West Virginia Prisoner Litigation Reform Act, West Virginia Code §§ 25–1A–1 to – 8. The circuit court determined that the record was sufficient to enable the court to make a ruling without the need for a response or a hearing. The circuit court determined that petitioner exhausted his administrative remedies with regard to his disciplinary conviction.[2]

The circuit court determined that the action "has no basis in law and fails to state a claim for which relief [can be granted]." The circuit court found, in pertinent part, as follows:

> The Court **CONCLUDES** that . . . the petitioner was provided proper due process. The petitioner was provided adequate notice of the violation and of the evidence against him. The petitioner was provided the opportunity to present evidence and to challenge evidence before a hearing officer. The petitioner was provided a written statement indicating on what facts the hearing officer based his finding. The burden of proof was not wrongfully shifted. The Court further **CONCLUDES** that the evidence presented was sufficient to satisfy the "some evidence" standard. [*See Snider v. Fox,* 218 W.Va. 663, 666-67, 627 S.E.2d 353, 356-57 (2006).] Finally, the Court **CONCLUDES** that the disposition/sanctions imposed were not disproportionate and were within the discretion of prison officials.

Accordingly, the circuit court dismissed the action.

We review the circuit court's dismissal of the action de novo. *See* Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.,* 194 W.Va. 770, 461 S.E.2d 516 (1995) ("Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*."). The standard for upholding a disciplinary conviction is only that "some evidence" exists to support the conviction. *See Snider,* 218 W.Va. at 666–67, 627 S.E.2d at 356–57. In addition, "[a]ny inmate found guilty of a disciplinary violation and confined to Punitive Segregation will automatically

---

[2] *See* Footnote Two.

have his/her job terminated." DOC Policy Directive 500.00, § V(W)(2)(b).

On appeal, petitioner asserts that the incident report regarding compromising an employee failed to allege facts sufficient to show a disciplinary violation. Petitioner asserts that the burden of proof was unfairly shifted to him because there was only an "assumption" that a disciplinary violation occurred. Petitioner asserts that it was unfair for the hearing officer to use the same evidence on which he dismissed the charge of invasion of privacy to then find petitioner guilty of compromising an employee. Petitioner argues that the standards and procedures with regard to disciplinary violations were not followed. Petitioner further asserts that he was wrongfully terminated from his work assignment for "security reasons" without any clarification as to what that meant. Petitioner asserts that FSS's credibility should be questioned because she was subsequently terminated from her staff position for reasons unrelated to his case.

Respondent argues that the circuit court correctly found that the action failed to state a claim upon which relief can be granted and that petitioner's due process rights were not violated. Respondent offers an explanation as to why compromising an employee constitutes a disciplinary violation: "[A]ttempts of inmates to become overfamiliar with staff in order to obtain special treatment or favors raises [sic] serious security issues. Conduct which would appear acceptable or innocent outside of prison can be an attempt to compromise staff member[s] and is recognized as such by experienced correctional officials." Respondent further asserts that it is permissible for prison officials to remove an inmate from a work assignment after he becomes too familiar with staff. Respondent notes that no inmate has a right to a particular work assignment. Respondent also asserts that FSS's current employment status is irrelevant to petitioner's case and argues that a reviewing court has no responsibility to make credibility determinations under the "some evidence" standard.[3]

Based upon a review of the record, this Court concludes that the circuit court correctly found that petitioner was provided the required safeguards as to ensure due process and that the burden of proof was not shifted to petitioner. Furthermore, while petitioner indicates that FSS was only making assumptions, she testified that petitioner made her feel that he "wanted to be in a closed room with her" and "wanted her to do something with him." That testimony constitutes "some evidence" that petitioner attempted to persuade FSS to, at a minimum, "jeopardize security [and/or] engage in poor work performance." DOC Policy Directive 325.00, § 1.25. After careful consideration, this Court concludes that the circuit court properly dismissed petitioner's claim that he was wrongfully convicted of compromising an employee.

With regard to the termination of his work assignment, petitioner notes that he was terminated the same day of the incident and that since he has been out of punitive segregation, he has not been reassigned to a job. Respondent is correct that petitioner became too familiar with staff in his former assignment. Therefore, the decision to terminate that assignment and the decision whether to give petitioner a new assignment constitute choices committed to the

---

[3] *See Snider*, 218 W.Va. at 667, 627 S.E.2d at 357 (The "some evidence" standard "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence").

considered judgment of prison officials. *See O'Lone v. Estate of Shabazz,* 482 U.S. 342, 349 (1987) (It is necessary to defer to the considered judgment of prison officials because it is those officials who have to "anticipate security problems and to adopt innovative solutions to the intractable problems of prison administration." (Internal quotations and citations omitted.). After careful consideration, this Court concludes that this claim was also properly dismissed.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**   October 4, 2013

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II